# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9119 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Grady Holcomb vs. Kenneth Briley, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the motion to dismiss of defendants Briley, Hosey, Smock Delpriore, Johnson and Russell is granted in part and denied in part. The delay in medical treatment claims that plaintiff asserts against those defendants are dismissed without prejudice. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend those claims, if he can do so and remain in compliance with Rule 11. In all other respects, defendants' motion is denied. Status hearing set for 4/8/04 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 0 3 2004 | |
| | Notified counsel by telephone. | date docketed | 58 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GRADY HOLCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 9119 |
| ) | Paul E. Plunkett, Senior Judge |
| KENNETH BRILEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has defendants under 42 U.S.C. § ("section") 1983 for their alleged violations of his Eighth Amendment rights. Defendants Kenneth Briley, Mark Hosey, Ronald Smock, Carol Delpriore, Michelle Johnson and Jonathon Russell have filed a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure ("Rule") 4(m) and 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## Facts

Plaintiff, who has AIDS, was incarcerated at Stateville Correctional Center from July 31, 2002 until October 7, 2002. (Am. Compl. ¶¶ 15, 18.) Defendant Briley is the warden of Stateville. (Id. ¶ 4.) Defendant Hosey is the superintendent of Stateville's minimum security unit, known as the farm. (Id. ¶ 7.) Defendant Smock is the work supervisor at the farm. (Id. ¶ 8.) Defendant Johnson is a correctional officer who worked at the farm during the time that plaintiff was incarcerated there. (Id. ¶ 9.) Defendant Russell is a Stateville medical technician. (Id. ¶ 10.)

When plaintiff arrived at Stateville, he was housed at the farm, which is home to 213 inmates. (Id. ¶¶ 16, 17.) The conditions plaintiff encountered during his twenty-four day stay at the farm were deplorable: there were only two functional toilet stools, one functional urinal and two sinks, one of which provided only cold water, for 100 men. (Id. ¶¶ 51-52.) In addition, the showers were filthy and the cells were infested with rats, roaches and other insects. (Id. ¶¶ 53-55.)

Plaintiff was not given his AIDS medications at anytime while he was living on the farm. (Id. ¶¶ 22, 25, 31.) After only a few days there, plaintiff developed a rash on his face. (Id. ¶ 23.) For the next week, plaintiff repeatedly requested medical treatment, but his requests were denied. (Id. ¶¶ 24, 26.) By the time he was allowed to see a doctor, the left side of plaintiff's face was swollen and covered in sores and his left eye was swollen shut. (Id. ¶¶ 24, 27.) Ultimately, plaintiff's rash was diagnosed as Shingles and he was admitted to the hospital for eleven days, during which time he received his AIDS medications. (Id. ¶¶ 23, 28, 32.) As a result of the Shingles, the left side of plaintiff's face is numb and the vision in his left eye is impaired. (Id. ¶¶ 23, 34.)

After plaintiff's hospital stay, he was returned to the farm. (Id. ¶ 35.) Shortly thereafter, however, he was placed in segregation pending investigation of an incident between plaintiff and another inmate. (Id. ¶ 36.) Plaintiff spent thirty days in segregation, without ever receiving his AIDS medications. (Id. ¶ 39.) In fact, the only time plaintiff ever received his AIDS medications during his sixty-eight day incarceration at Stateville is when he was hospitalized. (Id. ¶ 40.)

Plaintiff says that defendants were all aware of his AIDS status, but did nothing to improve the living conditions at the farm, ensure that he received his medications or ensure that he received timely medical care for his rash, (id. ¶¶ 24, 26, 38, 42-45, 56-63), actions that he claims violated his Eighth Amendment rights.

## Discussion

### Untimely Service

Rule 4(m) requires plaintiffs to serve defendants within 120 days of the filing of the complaint. If service is not effected in that time, the Court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time." Defendants contend that they were named in plaintiff's original pro se complaint, filed on December 16, 2002, but were not served within 120 days thereafter. Thus, they say, the claims against them should be dismissed.

Contrary to defendants' belief, not all of the movants were named as defendants in plaintiff's original pro se filing. In fact, the only movant who was properly named is defendant Briley. The remaining movants were added as defendants in amended complaints filed May 23, 2003 and July 29, 2003, respectively, and all but defendant Johnson were served within 120 days after being added to the suit. In reality, then, the only movants who were not served within the 120-day period are Briley and Johnson.

Even if none of the movants had been timely served, however, the Court would not dismiss the case under Rule 4. Dismissal under that Rule is discretionary, even if no cause is shown for the delay in service. <u>Panaras v. Liquid Carbonic Indus. Corp.</u>, 94 F.3d 338, 340-41 (7th Cir. 1996). Moreover, any dismissal would be without prejudice. FED. R. CIV. P. 4(m). Thus, if we dismissed the suit, plaintiff would simply refile and re-serve the movants, a wasteful and pointless exercise. Because the delay in service was not great, all defendants have now been served and dismissal of this case would serve only to delay the proceedings, the Court denies defendants' motion to dismiss for untimely service.

-3-

## Failure to State a Claim

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In Count I of his complaint, plaintiff alleges that defendants Briley, Delpriore, Smock, Hosey and Russell violated his Eighth Amendment rights by failing to provide him with timely medical care and his AIDS medications. To state viable Eighth Amendment claims against these defendants, plaintiff must allege that he had a serious medical need and that the defendants were deliberately indifferent to it. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted). "Deliberate indifference [is] . . . more than mere negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Defendants were deliberately indifferent only if they were "subjectively aware of [plaintiff's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to [his] health or safety." Wynn, 251 F.3d at 593.

The delay in treatment claim plaintiff asserts against defendant Briley is easily dispatched. Briley can be held personally liable[1] under section 1983 only if he "caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks and citation omitted). Plaintiff does not allege that Briley personally refused plaintiff

---

[1] Plaintiff is suing defendants solely in their personal capacities. (Am. Compl. ¶ 2.)

-4-

permission to see a doctor about the rash, that he directed any other defendant to do so or that he sanctioned any other defendant's decision in that regard. In fact, plaintiff does not allege that Briley was even aware that plaintiff had a rash. Because there are no allegations from which we can infer that Briley caused or participated in the decision to delay treatment for plaintiff's rash, Briley's motion to dismiss this Eighth Amendment claim is granted.

Plaintiff's delay in treatment claims against defendants Delpriore, Smock, Hosey and Russell suffer the same fate. Though plaintiff alleges that each of these defendants personally denied him access to medical care, he has not alleged that any of them knew, during the time he was denied treatment, that the rash posed any risk to his health. Moreover, plaintiff affirmatively alleges that when his condition deteriorated and the need for treatment was obvious, he was allowed to see a doctor. (Am. Compl. ¶ 24 (alleging that he was sent to the doctor when the rash caused facial sores and swelling).) Because plaintiff has not alleged that Delpriore, Smock, Hosey and Russell were subjectively aware that plaintiff had a serious medical need for treatment of the rash when he first requested medical attention for it, he has not stated viable delay in treatment claims against them.

Plaintiff also alleges that these defendants violated his rights by failing to ensure that he received his AIDS medications throughout his stay at Stateville. This time, plaintiffs claims pass muster. Plaintiff alleges that he has AIDS and is required to take a variety of medications to combat the condition, allegations that satisfy the serious medical need element of his claims. (Id. ¶ 18.) Plaintiff also alleges that each of these defendants knew he had AIDS and that he was not receiving his medication, but made no attempt to remedy the situation, despite his repeated requests, even after he was hospitalized for Shingles. (Id. ¶¶ 26, 40, 42-44.) Because of the lapse in his medication regimen, plaintiff's T-cell count plunged. (Id. ¶ 47.) Those allegations are sufficient to support the

inference that defendants disregarded a substantial risk to plaintiff's health by failing to ensure that he received his prescribed medications. See Wynn, 251 F.3d at 594 (allegations that plaintiff "repeatedly told prison officials that he needed his heart medication 'immediately,' that the officials did not respond to his requests, . . . that his heart had been 'fluttering' due to the lapse in medication, and that he risked 'heavy chest pains' if he did not resume his medication" stated Eighth Amendment claim).

In Count II of the amended complaint, plaintiff alleges that defendants Briley, Hosey, Smock, Johnson and Delpriore violated his Eighth Amendment rights by housing him in unsanitary conditions at the farm for twenty-four days. To state a viable conditions-of-confinement claim, plaintiff must allege both that he suffered a serious deprivation and that defendants acted with deliberate indifference. Farmer, 511 U.S. at 834. A deprivation is serious within the meaning of Farmer only if it denies the inmate "the minimal civilized measure of life's necessities." Id. (internal quotation marks and citation omitted).

During plaintiff's stay at the farm, there were only two functional toilet stools, one functional urinal and two sinks, one of which provided only cold water, for 100 men. (Am. Compl. ¶¶ 51-52.) In addition, the showers were filthy and the cells were infested with rats, roaches and other insects. (Id. ¶¶ 53-55.) According to plaintiff, these unsanitary conditions, coupled with his medical condition, caused him to contract Shingles and suffer permanent damage to his facial nerves and left eye. (Id. ¶¶ 23, 34, 62.) Taken together, those allegations are sufficient to satisfy the serious deprivation element of plaintiff's claims.

Plaintiff also satisfies the deliberate indifference element. Plaintiff alleges that Briley, Hosey, Smock, Delpriore and Johnson knew about the unsanitary living conditions and that plaintiff had

AIDS, and that all but Johnson knew he was not receiving his prescribed medications. (Am. Compl. ¶¶ 42-44, 56-63.) Moreover, plaintiff alleges that Hosey, Smock and Delpriore knew that he had contracted an illness that required hospitalization while he was living on the farm. (Id. ¶¶ 24, 27-28.) In addition, plaintiff says that Hosey knew another inmate had contracted Shingles from the filthy conditions on the farm. (Id. ¶ 62.) Despite their knowledge of those facts, plaintiff says that none of the defendants made any effort to improve the situation during the twenty-four day period in which he was incarcerated there. (Id. ¶¶ 56-63.) Taken together, those allegations support the inference that each of these defendants knew that plaintiff, an inmate with a comprised immune system, was living in an unsanitary environment that posed a substantial risk to his health, but did nothing to remedy the situation – the definition of deliberate indifference.

Finally, defendants argue that the doctrine of qualified immunity mandates dismissal of the conditions-of-confinement claims. The Court disagrees. Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether the right allegedly violated was clearly established, we cannot view the law in the abstract but must examine it "in relation to the specific facts confronting [defendants] when [they] acted." Colaizzi v. Walker, 812 F.2d 304, 308 (7th Cir. 1987). It was well established in 2002 that defendants' alleged conduct – knowingly disregarding a substantial risk of harm that unsanitary living conditions posed to an immune-comprised inmate who was not receiving prescribed medications and had already contracted a viral condition that left him permanently impaired – violated the Eighth

Amendment. See, e.g., Farmer. Thus, defendants' motion to dismiss on the grounds of qualified immunity is denied.

## Conclusion

For the reasons stated above, the motion to dismiss of defendants Briley, Hosey, Smock Delpriore, Johnson and Russell is granted in part and denied in part. The delay in medical treatment claims that plaintiff asserts against those defendants are dismissed without prejudice. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend those claims, if he can do so and remain in compliance with Rule 11. In all other respects, defendants' motion is denied.

**ENTER:**

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: March 2, 2004